NOTE: This order is nonprecedential

# United States Court of Appeals
# for the Federal Circuit

---

**MIDTRONICS, INC.,**
*Plaintiff-Appellee,*

v.

**AURORA PERFORMANCE PRODUCTS LLC
(DOING BUSINESS AS ARGUS ANALYZERS) AND
BPPOWER, INC.,**
*Defendants-Appellants.*

---

2011-1589

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 06-CV-3917, Judge Milton I. Shadur.

---

## ON MOTION

---

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## ORDER

BPPower, Inc. submits a motion for a stay, pending appeal, of the recall provision of a permanent injunction,

revised on November 8, 2011, that requires, inter alia, that the appellants recall accused products from end-users and that they offer cash refunds "to end-users in exchange for returning Accused Products to Defendants." BPPower also submits a motion to stay execution of the judgment insofar as it requires them to pay $1,265,000 in attorney fees, costs and prejudgment interest. This court directed a response from Midtronics, Inc. and temporarily stayed the recall provision and the execution of the monetary judgment, pending the court's consideration of the papers submitted, in an order of December 9, 2011. Separately, Aurora Performance Products LLC ("Argus") moves, without opposition, to join BPPower's motion.

The power to stay a judgment pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder*, 129 S. Ct. 1749, 1757 (2009) (citing *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). A stay, however, is not a matter of right but instead an exercise of judicial discretion. *Nken*, 129 S. Ct. at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Without prejudicing the ultimate disposition of this case by a merits panel, we conclude based upon the papers submitted that BPPower has met is burden to obtain a stay.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  BPPower's motion to stay the recall provision and the execution of the judgment is granted.

(2)  Argus' motion to join the stay motion is granted.

FOR THE COURT

FEB 0 6 2012

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

cc:  Craig M. Scott, Esq.
     James R. Burdett, Esq.
     Robert Loren Wagner, Esq.

s23

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 6 2012

JAN HORBALY
CLERK